IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41418
Summary Calendar
_____


UNITED STATES of AMERICA

                    Plaintiff - Appellee

     v.

FRANCISCO HUERTA, also known as Pancho

                    Defendant - Appellant

               --------------------
        Appeal from the United States District Court
           for the Southern District of Texas
               USDC No. L-96-CR-353-2
               --------------------
               October 26, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Francisco Huerta appeals his conviction by a jury for
conspiracy to possess with intent to distribute marijuana in
violation of 21 U.S.C. § 846 and aiding and abetting the
possession of marijuana with intent to distribute in violation of
21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.  Huerta contends that
the district court abused its discretion by admitting evidence
that Huerta was granted bond, but failed to appear and evaded
authorities for about six months before being arrested again.  He

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

also contends that there was insufficient evidence to convict him.

The district court's decision to admit or exclude evidence under Fed. R. Evid. 403 is final absent an abuse of discretion. United States v. Townsend, 31 F.3d 262, 268 (5th Cir. 1994). Huerta makes only the conclusional statement that the jury would not have found him guilty if the court had excluded evidence of his flight. This unsupported assertion does not show an abuse of discretion by the district court. See United States v. Bermea, 30 F.3d 1539, 1562 (5th Cir. 1994). Moreover, Huerta's flight was probative of his consciousness of guilt, see United States v. Williams, 775 F.2d 1295, 1300 (5th Cir. 1985) (defendant moved after crime was committed), and any undue prejudice was mitigated by the court's limiting instruction to the jury. See United States v. Bailey, 111 F.3d 1229, 1234 (5th Cir. 1997).

Huerta purports to argue that the Government presented insufficient evidence to convict him. However, his argument is not one of legal sufficiency, but is only an attack on the credibility of coconspirator and witness Santos Perez.

This court does not review the weight of the evidence or the credibility of the witnesses. United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993). The "jury is the final arbiter of the credibility of witnesses [and] 'a guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face.'" United States v. White, 219 F.3d 442, 448 (5th Cir. 2000) (quoting Bermea, 30 F.3d

at 1552).  Perez's testimony was corroborated by wiretap evidence and was not "incredible or insubstantial on its face".  There was ample evidence to permit a reasonable jury to convict Huerta.

Huerta's conviction and sentence are AFFIRMED.